## FARNSWORTH et al. v. UTAH STATE TEACHERS' RETIREMENT BOARD et al.

No. 7836.   Decided December 12, 1952.   (250 P. 2d 943.)

See 79 C. J. S., Schools and School Districts, sec. 475.  Mandamus to compel payment of pensions. 40 Am. Jur., Pensions, sec. 40.

*Clinton D. Vernon,* Atty. Gen., *Quentin L. R. Alston,* Asst. Atty. Gen., for appellants.

*Walter G. Mann,* Brigham City, for respondents.

HENRIOD, Justice.

Appeal from a writ of mandate ordering defendants to pay retirement benefits to plaintiffs. Affirmed, with costs on appeal to plaintiffs.

Plaintiffs were long-time, non-teaching bus drivers employed under contract with Box Elder School District to transport pupils. They were on call between 8 a. m. and 5 p. m., and received a monthly wage. Prior to 1945 they were ineligible for retirement, but the plan was made avail-

able to them by statute[1] conditioned on full employment, defined by regulation as being 30 hours work per week or more. The only question involved is factual: Whether plaintiffs satisfied the 30-hour week condition.

In 1945, at the behest of the Retirement Board or the local board acting for it, and not at plaintiff's request, they were invited to join the plan, and were furnished application blanks. Accepted as members, they paid into the fund for several years, ultimately applied for benefits, and for more than a year received monthly payments, when summarily they were teminated. Reason assigned was the belief of the secretary of the Board that plaintiffs had not satisfied the 30-hour requirement, exclusive of "on call" time, which belief was born of the secretary's inquiry of officials of other school districts, who reported that school bus drivers *generally* did not work 30 hours per week exclusive of "on call" time. No determination was made as to the number of hours worked by these particular plaintiffs, but the secretary arbitrarily included them in the class that such officials of other school districts believed *generally* did not work a 30-hour week exclusive of "on call" time.

Plaintiffs mandamused the Board, and after presenting considerable evidence, all objected to by defendants on the ground that the District Court was not the proper forum, the trial court, eliminating any question of possible failure to exhaust administrative processes, cautiously and wisely required the litigants to appear formally before the Retirement Board itself. It is upon the record made at the ensuing hearing before that Board that we arrive at our decision so that the question of improper forum needs no treatment here. Suffice it to say that plaintiffs testified that they worked 30 hours or more per week, exclusive of "on call" time. Their detailed testimony fairly and reasonably sub-

---

[1]Title 75-29-21, Utah Code Annotated 1943, as amended by ch. 98, Laws of Utah 1945.

stantiated that as to the aggregate number of hours employed—none of which testimony was controverted, unless one could say that the belief of the secretary, based on the opinion of others, conceivably could constitute such controversion.

After the hearing before the Retirement Board, the litigants repaired to the District Court, introduced the record made before the board, and took further evidence, after which the alternative writ of mandate was made permanent.

We believe and hold that the Retirement Board arbitrarily and capriciously concluded that plaintiffs failed to satisfy the hours of employment requirement. It becomes unnecessary, therefore, to interpret the contract as to whether "on call" time was or was not contemplated as being included in the 30-hour requirement.

WOLFE, C. J., and WADE, McDONOUGH, and CROCKETT, JJ., concur.